IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

ROCHELLE McLEMORE, )
 )
        Plaintiff, )
 )
v. ) Case No. CIV-14-371-RAW
 )
COMMUNITY RESOURCE GROUP, )
PHIL ROSS, )
 )
        Defendants. )

## ORDER

Before the court is the motion of the defendants to dismiss. Plaintiff commenced this action with a petition filed in state court on July 8, 2014. The petition alleges three federal claims (alleged violations of Title VII and the ADEA) and four state law claims. Defendants removed the case to this court based upon the existence of a federal question. *See* 28 U.S.C. §1441(a); 28 U.S.C. §1331.

As to the federal claims, defendants assert that the plaintiff failed to timely file her petition after the EEOC issued its right to sue letter on November 27, 2013. "A complainant such as Plaintiff must file suit within ninety days after the EEOC gives [her] notice that it has closed its investigation and that [she] has a right to sue in court. 42 U.S.C. §2000e-5(f)(1)." *Lombardi v. Advantage Logistics USA West, LLC,* 2012 WL 2319094 at *2 (D.Colo.2012). *See also* 29 U.S.C. §626(e) (ADEA).

In the Tenth Circuit, there is a presumption that a claimant receives a right-to-sue letter three mailing days after the date on the notice. *Id.* (citing *Barrett v. Rumsfeld,* 158

Fed. App'x 89, 92 (10th Cir.2005)). Here, as stated, the date on the right-to-sue letter is November 27, 2013.[1] It appears from its face that the right-to-sue letter was mailed to plaintiff at the address she had provided to the EEOC. Plaintiff, however, denies receiving the letter.[2] The district court in *Lombardi* stated that a plaintiff's bald assertion, even taken as a sworn statement, did not rebut the presumption of receipt under such circumstances. *Id.* As here, the plaintiff in *Lombardi* "has not asserted . . . that the Notice was sent to the wrong address, or that Plaintiff had moved and had informed the EEOC." *Id.*[3] Because plaintiff is deemed to have received the notice well beyond the applicable ninety-day statute of limitations, dismissal is appropriate. *Id.*[4]

This disposes of plaintiff's federal claims. Defendants' motion goes on to seek dismissal of plaintiff's claims under state law for failure to state a claim. The court declines to consider these arguments. "Having dismissed the only federal claims in this action, the Court may decline to exercise supplemental jurisdiction over the state law claims." *Rollins v. Oklahoma,* 2013 WL 3992393, *5 (W.D.Okla.2013)(citing 28 U.S.C. §1367(c)(3)).

---

[1] "The court may consider the right-to-sue letter without converting this motion into one for summary judgment." *Lee v. Swanson Services, Inc.,* 2011 WL 1375871 at 2 n.5 (W.D.Okla.2011)(citing *Martin v. Cent. States Emblems, Inc.,* 150 Fed.App. 852, 857-58 (10th Cir.2005)).

[2] In plaintiff's response, it is stated that the right-to-sue letter does not list the claimant (i.e., plaintiff) "as a recipient of the letter." (#9) at 3, ¶7. On the contrary, it appears to the court she is listed as the primary addressee.

[3] To the extent there is a factual dispute as to whether the Notice was sent to a correct address for plaintiff's attorney, it is irrelevant to resolution of the present motion.

[4] The ninety-day filing limit is subject to equitable tolling. *Lombardi,* at *2. Plaintiff, however, has established no basis under Tenth Circuit precedent for equitable tolling, such as "active deception" or that she has in "some extraordinary way" been prevented from asserting her rights. *Id.,* at *1.

"Where, after removal, a court disposes of all federal claims and only state law claims remain, it has 'discretion either to remand the claims to the state court or to dismiss them' without prejudice." *Id.* (citation omitted). "When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Koch v. City of Del City,* 660 F.3d 1228, 1248 (10th Cir.2011). Under the circumstances, this court finds that remand is preferable to dismissal.[5]

It is the order of the court that the motion of the defendants to dismiss (#7) is granted in part. Plaintiff's claims under federal law are dismissed. The remaining state law claims are hereby remanded to the district court of Muskogee County, State of Oklahoma for further proceedings.

**ORDERED THIS 26th DAY OF NOVEMBER, 2014.**

**Dated this 26th day of November, 2014.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma

---

[5] The entry of a separate Rule 58 judgment appears unnecessary. *See Koch,* 660 F.3d at 1236-37 & n.2.